PE'C'E *ex rel.* WISE *et al. v.* GILON *et al.*

*(Supreme Court, General Term, First Department.* February 11, 1891.)

*Certiorari,* on the relation of Nathan Wise and others, to review an apparent determination of the board of assessors in distributing over private property the entire costs of filling in certain lands, etc.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Truman H. Baldwin,* for relators.     *Geo. L. Sterling,* for respondents.

BRADY, J.   The writ of *certiorari* having been issued herein intermediate the filing of the list by the assessors and the decision of the board of revision and correction, the result is controlled by the conclusion arrived at in the matter of *People* v. *Gilon, ante,* 455, decided herewith.   Ordered accordingly, and writ dismissed, with costs.   All concur.

---

PETERS *et al. v.* CHAMBERLAIN *et al.*

*(Supreme Court, General Term, First Department.* February 11, 1891.)

VARIANCE—PLEADING AND PROOF.

In an action to charge defendants as guarantors of a note, it appeared that, after they had indorsed the note in blank, the guaranty was written over their signatures by their counsel without any authority for the alteration.  *Held,* that the complaint was properly dismissed, and that a motion to make the pleadings conform to the proof was unavailing, a cause of action against defendants as indorsers being wholly different from the cause of action against them as guarantors.

Appeal from special term, New York county.

Action by William R. Peters and another against Winfield S. Chamberlain and N. J. Botsford.   From a judgment dismissing their complaint the plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ. ·

*R. L. Harrison,* for appellants.     *W. N. Bayliss,* for respondent Botsford. *T. O'Callaghan,* for respondent Chamberlain.

VAN BRUNT, P. J.   The complaint in this action alleged the copartnership of the plaintiffs, the organization of the Empire Manganese & Iron Company, and that on the 11th of December, 1889, the defendant the iron company made its promissory note in writing, whereby, 30 days after date, it promised to pay to the order of the plaintiffs $2,222.70, and that after said note was made, and before maturity thereof, and before the same was delivered, the defendants Chamberlain and Botsford indorsed the same as follows: "The undersigned, for value rec'd, guaranty the payment of the within note at maturity.   W. S. CHAMBERLAIN.   N. J. BOTSFORD;" and that at the maturity thereof the said note was duly presented for payment, but was not paid,—of all which due notice was given to the defendants.   The defendants' answer denied that they indorsed the note, as alleged in the complaint.   Upon the trial it was established that the company of which the defendants were officers obtained a loan from the plaintiffs in July, 1889, and notes were given to secure the payment thereof.   A note falling due in December, an arrangement was entered into by which the plaintiffs agreed to take an extended note, with the indorsement of the defendents.   The note in suit was brought to the office of the plaintiffs by one Mr. Dill, who was the counsel of the defendants.   At that time it was indorsed in blank, and, some objection having been raised to the form of the indorsement, Mr. Dill wrote in the guaranty over the signatures of the defendants.   There was no evidence that Mr. Dill had any authority whatever to make such alteration in the note.   Upon this condition of the proof a motion was made to dismiss the complaint, which was granted.   We see no reason to disturb this result.   The relations of the indorsers to this note seem to have been entirely misapprehended, although if the note had remained in its original condition, and it had been affirmatively established that the defendants *indorsed the note for the purpose of giving it credit with the plain-*